## LOGWOOD v. GRAND LODGE, K. P. *
### No. 14549.

Court of Appeal of Louisiana. Orleans.
May 22, 1933.

Frank B. Smith, of New Orleans, for appellant.

Fred G. Veith, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, Lavinia Gibbs, alleges that she is the widow of Benjamin Logwood, who has died. Asserting that she is named beneficiary in a policy of fraternal insurance issued by defendant on his life and that payment under the policy has been refused, she claims the proceeds thereof.

The defense, as we find it in the pleadings, is that the said Logwood, by proper application to defendant, caused the issuance of a substitute policy in which his second wife, Loulla Benedict Logwood, was named beneficiary.

When the matter came up for trial, defendant was not prepared to produce evidence tending to show that the said Logwood had applied for, and obtained, the substitute policy in which Loulla Benedict Logwood was named beneficiary. Counsel for defendant requested the court to allow him further time to produce documents proving that the application for the substitute policy had been made, but the district court ruled that since whether or not the substitution had been requested and made was the main issue involved, and since the case had been set down for trial on several previous occasions, defendant and defendant's counsel should have been ready to offer that essential proof immediately and should not have attempted to require the district court to wait for the said evidence. In ruling on this offer the trial judge said:

"We have been waiting all day to try the case, and this is not the first time the case has been up, you know. I have other business here. I cannot hold up the submission of the case while you send for a document that you should have had with you when you came to court."

■■ That a district judge may use discretion in matters involving continuances and delays is well settled and where, as here, the sole issue is known to the parties when the case is called for trial, and where, in fact, the case has been several times called for trial, the parties should be ready to present their evidence and should not expect the court to grant them additional time to send for or look for documents which they have not with them in court. The matter being purely within the discretion of the district court, and we being of the opinion that that discretion was not abused, we will not reverse the judgment on this point.

The judgment appealed from is affirmed.

Affirmed.

*Rehearing denied June 12, 1933. Writ of certiorari denied July 14, 1933.